## No. 36,144

In re Estate of Luella L. Butler, Deceased (W. GLENN HAMILTON, as Administrator, etc., *Appellant,* v. SHAWNEE COUNTY WELFARE BOARD, *Appellee*).

(152 P. 2d 815)

Opinion filed November 4, 1944.

*W. Glenn Hamilton,* of Topeka, argued the cause and *E. R. Sloan, Floyd A. Sloan* and *Eldon R. Sloan,* all of Topeka, were on the briefs for the appellant.

*Allen Meyers,* county attorney, argued the cause, and *Herbert A. Marshall,* deputy county attorney, was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was a proceeding to establish a claim against the estate of a deceased person. The administrator demurred to the

petition for allowance of the demand against the estate and appeals from the judgment of the district court overruling his demurrer.

The amendment to the petition on which the appellee bases its right to recovery reads as follows:

"Comes now the County Welfare Board of Shawnee County, Kansas, and for its amendment to the petition for allowance of demand of said Board heretofore filed herein on April 19, 1943, states and alleges that on August 19, 1938, Luella L. Butler made written application to said Board and State Department of Social Welfare of Kansas for general assistance, a copy of which application signed by the said Luella L. Butler, before a Notary Public is hereto attached, marked 'Exhibit A' and made a part hereof. Petitioner further alleges that Luella Butler represented to the said Board in said written application under oath that she owned no property whatever, or bank deposits, personal savings or monies except household goods in the amount of $25.00, and the said Luella Butler further stated in said application that she did not have sufficient income or reserves to provide a reasonable subsistence for herself. The said applicant further agreed to notify the County Director of said Board immediately if she became possessed of any property or income. On the same date the said Luella Butler signed a written authorization for the County Director to make an investigation of her financial circumstances, a true copy of which is hereto attached marked 'Exhibit B' and made a part hereof. Petitioner further states that although the said Luella Butler swore to the above facts in said application said facts were false and were misrepresentations of fact and were at said time known to be false and fraudulent representations by the said Luella Butler and said misrepresentations and false statements made by the said Luella Butler were relied upon by the Board of Social Welfare, and by reason of said application and false and fraudulent misrepresentations old age assistance was granted to the said Luella Butler, sometimes known as Luella L. Butler, in the amount of $779.04. Petitioner further alleges that it was not until the death of the said Luella Butler that it was discovered by said Board that said statements were false. Petitioner further alleges that at the time of making said application and receiving the assistance the said Luella Butler did have funds and property sufficient to provide a reasonable subsistence for herself and was not eligible for general assistance, which facts were willfully concealed from this petitioner and its agents, and this petitioner was unable with due diligence and investigation to locate said property and funds belonging to the said Luella Butler until subsequent to her death.

"WHEREFORE, the Board of County Welfare of Shawnee County, Kansas, prays that its claim in the amount of $779.04 be allowed against the estate of said deceased, Luella L. Butler."

The all-decisive issue raised by the demurrer is whether existing provisions of the statute give appellee a right of action against the estate of a deceased person under the allegations of fact set forth in the amended petition.

At the outset it should be stated the general rule—so elemental as

to require no citation of authorities—is that subordinate governmental agencies created by legislative enactment, and on which general powers to sue and be sued are not conferred by provisions of the statute creating them, do not have authority to institute or maintain legal proceedings unless the power to maintain such actions is conferred upon them by the express or implied terms of some legislative grant. This rule was recognized and applied in the recent case of *Dellinger v. Harper County Social Welfare Board*, 155 Kan. 207, 124 P. 2d 513, wherein it was held that county social welfare boards created under the provisions of the social welfare act (G. S. 1943 Supp. ch. 39, art. 7) do not, under the general powers given them by G. S. 1943 Supp. 39-713, have legal capacity to conduct or defend litigation. It follows, that if appellee possesses the right to maintain the instant proceeding its authority to do so must come from some provision of the statute other than the one just mentioned.

Appellee concedes the force and effect of the rule to which we have referred, and recognizes that our decision in the Dellinger case would not permit its maintenance of the instant proceeding under the general powers specifically granted it by G. S. 1943 Supp. 39-713. Notwithstanding, it contends there is another section to be found in the social welfare act which not only gives it a cause of action against the estate of a deceased person under the factual situation set out in the amended petition but expressly confers upon it power and authority to institute and maintain in its own name a civil proceeding in court to establish such cause of action.

The section of the statute on which appellee relies as authority for its position is G. S. 1943 Supp. 39-720. It reads:

"Any person who obtains or attempts to obtain, or aids or abets any other person to obtain, by means of a willfully false statement or representation, or by impersonation, collusion, or other fraudulent device, assistance to which the applicant or client is not entitled, is guilty of a misdemeanor, and upon conviction thereof shall be fined not more than five hundred dollars or be imprisoned for not more than six months or by both such fine and imprisonment; *and he shall be required to remit to the county board or private agency the amount of any assistance given him under such fraudulent act.* In assessing the penalty, the court shall take into consideration the amount of money or value of property fraudulently received." (Emphasis ours.)

The difficulty we encounter in upholding appellee's position comes not so much from its claim the language we have italicized in the above-quoted section of the statute is sufficiently broad to permit a subordinate governmental agency to institute and maintain a legal

proceeding in a case where a right of action is accorded by statute, but from its contention the section on which it relies affords a cause of action on which recovery may be had by it in a civil proceeding.

Under the issues here presented if appellee's contention is to be upheld we would be obliged to hold that G. S. 1943 Supp. 39-720 is both a criminal and civil statute which not only authorizes a criminal prosecution against one who has obtained assistance from a welfare agency by means of fraud, but also permits a civil proceeding, before that individual has been convicted, for the recovery of the amount of the assistance thus obtained. Otherwise stated, that the section is both penal and remedial in character. We do not believe it can be given that construction. A careful analysis of the language there to be found clearly indicates it creates a criminal liability for the fraudulent obtaining of assistance and provides a penalty for the commission of that offense, which, in addition to subjecting the offender to fine and imprisonment, requires him to remit to the county board the amount of any assistance given him under his fraudulent act. Criminal statutes which require remission, restoration or forfeiture on conviction of an offense are not uncommon and the fact they provide for such action in no sense makes them less penal in character than others which do not possess features of that type.

Even when considered from the standpoint of the theory advanced by appellee that the language used by the legislature is so indefinite and uncertain as to require a construction of the statute based on the intent of the legislature in enacting it and retaining it as a part of the social welfare act, rather than to permit its interpretation based on the usual and ordinary meaning of the words there to be found, we are impelled to the same conclusion.

G. S. 1943 Supp. 39-720 as originally enacted by the legislature was section 18 of chapter 327 of the Laws of 1937. Reference to the original section as it appears in the 1937 session laws will disclose that while it was a part of a general act relating to social welfare it contained a separate and distinct section heading or subtitle which reads: "Penalty relating to fraudulent acts." At the same time this section became effective there also went into force and effect, as a part of the general welfare statute, section 17 of chapter 327, of the Laws of 1937 granting the state of Kansas a lien on the real property of any recipient of old-age assistance and providing for its enforcement after his death. Subsequently section 17 was re-

pealed by chapter 203 of the Laws of 1939 and all liens acquired thereunder by the state were discharged and cancelled. In lieu thereof the legislature enacted chapter 204 of the Laws of 1939 providing for the recovery of the entire amount of any assistance furnished under the provisions of the social welfare laws of the state, directing that claims therefor should be a second class claim against the estate of a deceased recipient and authorizing the filing of such claims by either the executive officer of the state department of social welfare or the chief executive officer of the county department of social welfare in which the recipient last resided. Thereafter, this act which subsequently became G. S. 1939 Supp. 39-724 to 39-730, inclusive, was repealed by chapter 253 of the Laws of 1941, which, in addition to repealing the provisions to which we have just referred, expressly cancelled and discharged all unpaid claims accruing thereunder irrespective of whether such claims had been reduced to judgment or not. Notwithstanding all these changes in the social welfare statute, section 18 of chapter 327 of the Laws of 1937 (G. S. 1943 Supp. 39-720), including its section heading to which we have referred, was retained by the legislature and still remains a part of the welfare act.

Long ago in *Griffith v. Carter*, 8 Kan. 565, this court when dealing with a question of statutory construction involving the intent and purpose of the legislature held:

"The intent of the legislature is to be determined by construing the language it employs with reference to the particular subject concerning which the words are used; and where a statute is divided into separate subjects or articles, having appropriate headings, it must be presumed and held that the provisions of each article are controlling upon the subject thereof, and operate as a general rule for settling such questions as are embraced therein." (Syl. ¶ 2.)

The rule enunciated in the decision from which we have just quoted has served as a guide to this court throughout the years in disposing of matters having to do with the construction of statutes possessing characteristics of the one here involved and has always been adhered to. It is applicable in determining the intent and purpose of the framers of the enactment we have under consideration. When applied we experience no difficulty in concluding the title heading of section 18 describing it as a penalty for the commission of fraudulent acts in the obtaining of public assistance is conclusive evidence the legislature intended the operation of such section to be. purely penal in character. Likewise, indicative of that intention in our opinion was its action in repealing provisions of the statute

heretofore mentioned, which granted causes of action in civil proceedings to county social welfare boards for assistance furnished to welfare clients when their financial condition would permit its recovery, and in discharging and cancelling all unpaid claims authorized by the provisions of such enactments irrespective of whether those claims had been reduced to judgment or not.

Since G. S. 1943 Supp. 39-720 is purely a penal statute and affords the appellee no ground for relief in a civil proceeding the judgment overruling the demurrer to the petition was erroneous.

The judgment is reversed with directions to sustain the demurrer.

SMITH, J. (concurring specially): I concur in the result reached in this opinion and with most of what is said therein. I do not, however, wish it to appear, even by implication, that I would concur in an opinion which should hold that a criminal statute such as G. S. 1943 Supp. 39-720 could be used for the purpose of collecting money.