No. 57,942

STATE OF KANSAS, *Appellee*, v. VAN E. TURNER, *Appellant.*

(721 P.2d 255)

Opinion filed June 13, 1986.

*Gerard C. Scott,* assistant public defender, argued the cause and was on the brief for appellant.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Clark V. Owens,* district attorney, and *Darrell L. Smith,* legal intern, were with him on the brief for appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal in a criminal case in which the defendant, Van Edward Turner, entered a plea of guilty to welfare fraud (K.S.A. 39-720 and K.S.A. 21-370l[b]). The defendant entered his plea of guilty on March 22, 1982, appearing pro se without counsel, and thereafter he was sentenced and placed on probation with appointed counsel present.

In October 1984, his probation was revoked. In February of 1985, while serving time at the Kansas State Penitentiary, defendant filed a motion to withdraw his plea of guilty on the basis that he had not intelligently and knowingly waived his right to counsel at the time the plea of guilty was entered pro se. The trial court, after a hearing, denied the motion and defendant

appealed. The Court of Appeals reversed in an unpublished opinion filed December 31, 1985. The Supreme Court granted the State's petition for review.

At the outset, it should be stated that, after the Court of Appeals entered its judgment of reversal, the prosecuting attorney filed a motion for permission to enlarge the record by including therein certified copies of certain documents contained in the district court file which had not been included in the original record when the case was considered by the Court of Appeals. Included among those documents was a journal entry signed by a judge of the district court which covered the first appearance of the defendant in court on September 28, 1981, which was four days after the defendant was originally charged with welfare fraud. This journal entry states in the third paragraph:

"The court then informs each defendant that he is entitled to counsel to assist him and conduct his defense and that counsel will be appointed to represent him if it is determined that he is not financially able to employ counsel. Each defendant requests an opportunity to employ counsel of his own choosing."

This journal entry shows that, at his first appearance, defendant appeared in person and with his attorney, L. Hollis. The journal entry is signed by the Honorable Tyler C. Lockett, now a member of the Supreme Court, who at the time was a district judge in Sedgwick County. We will discuss the significance of this journal entry later in the opinion.

The facts in the case are essentially as follows: Defendant first appeared in the court on the charge of welfare fraud on September 28, 1981, accompanied by retained counsel. On October 20, 1981, defendant again appeared with counsel, waived the preliminary examination, and was bound over for trial to a jury. He was continued on his bond which had been previously set.

On March 15, 1982, the defendant appeared with his attorney, Larry Hollis, before the Honorable Owen Ballinger. Defendant advised the court that he wished to dismiss his attorney and hire another one. Defendant requested a continuance so that he could retain new counsel. The court granted a one week continuance. The court stated that defendant's bond was to be increased at which time defendant stated that he would go ahead and plead guilty and get it over with. Judge Owen Ballinger stated that he was not going to accept defendant's plea under those circum-

stance at that time and that the case would be set on the trial docket the next week.

On March 22, 1982, defendant appeared pro se without counsel before the Honorable David W. Kennedy. The judge questioned defendant concerning his pro se appearance. A lengthy and detailed inquiry was conducted by the court concerning defendant's waiver of counsel. In response to questions by the court, defendant advised the court that he had appeared the previous Monday with his attorney, Mr. Hollis, in front of Judge Ballinger, that at that time he had waived his right to an attorney, and that Judge Ballinger had explained to him his right to an attorney. The transcript of the proceedings before Judge Kennedy shows that Judge Kennedy thoroughly and completely advised defendant of the ramifications of proceeding in a criminal case without counsel. Defendant advised the court that, prior to Mr. Hollis being released as his attorney, he had had an opportunity to discuss with Hollis what he was charged with, what the State would have to prove for him to be found guilty, and his right to a trial. Defendant also stated Hollis had explained to him that he was presumed to be innocent, that the State would have to prove him guilty beyond a reasonable doubt, and that he had a right to examine any witness that the State might call against him.

The court advised defendant that, if he represented himself, he would have the same rights. The court explained to the defendant his right to use the subpoena power to compel witnesses on his behalf, and his right either to testify or not to testify as he desired. The court then advised defendant that, if he was found to be guilty following trial, he would have a right to an appeal and that the court would appoint counsel to represent him on appeal. Defendant stated to the court that he knew that. The court then advised defendant of the minimum and maximum sentences that could be imposed. The only subject which Judge Kennedy did not cover was defendant's right to court-appointed counsel in district court if he was unable to afford an attorney. The court then accepted defendant's pro se plea of guilty to welfare fraud and continued the matter for sentencing at a later date.

On May 4, 1982, following the filing of defendant's affidavit of indigency, attorney Frank Cobb was appointed by the court to

represent defendant at sentencing. On May 20, 1982, defendant appeared before Judge Kennedy along with his court-appointed counsel, Frank Cobb. Both defendant and his attorney, Cobb, advised the court they did not know of any legal reason why the court could not impose sentence at that time. Both Cobb and Turner made a statement to the court. Defendant advised the court that he was sorry that he had committed the crime and that he would like to get out and make amends. At that point, the court sentenced defendant to a minimum sentence of not less than three years and a maximum sentence of not more than five years.

On September 17, 1982, defendant was returned to court by the Secretary of Corrections. Attorney Cobb moved the court to modify defendant's sentence previously entered. The motion was sustained. Judge Kennedy granted defendant probation from the confinement portion of his sentence for a period of five years subject to a number of conditions, including supervision by the probation officer and restitution over a period of time.

On October 25, 1984, the case again came on for hearing on a notice to defendant to show cause why his probation should not be revoked. Defendant appeared in person and with Gerard C. Scott, assistant public defender. Judge Kennedy found that defendant had failed to comply with the terms and conditions of his probation. He revoked the probation and ordered defendant to serve the sentence previously imposed. On January 24, 1985, the defendant's sentence was modified to reduce the sentence to a minimum of two years and a maximum of five years.

On February 8, 1985, the matter came on for hearing on the motion filed by defendant's counsel, Gerard C. Scott, to withdraw his plea of guilty. The basis of this motion was that the record in the case was barren of any evidence (1) that defendant was informed that counsel would be appointed by the court to represent him at no expense to him if he could not afford counsel, and (2) that defendant knowingly and intelligently waived his constitutional right to counsel. In addition, the defendant contended that his conviction must be set aside because of noncompliance with K.S.A. 22-3426. At this hearing, defendant presented no evidence in support of his motion. The court reviewed the record and denied defendant's motion to set aside the plea of guilty, finding that defendant understood his right to

have an attorney; that he gave up his right to be represented by an attorney at the time of his plea; and that it would be manifest injustice to permit the defendant to have his plea set aside one month short of three years following the entry of his plea. The defendant then appealed from that decision.

The Court of Appeals considered defendant's motion to set aside his plea of guilty as a proceeding under K.S.A. 60-1507 and assumed jurisdiction of the case. The court noted that the basic issue to be decided was whether there was substantial competent evidence in the record to support the trial court's findings that the defendant had made an intelligent and knowing waiver of his right to counsel. The court, in reaching its decision, relied primarily on the decision of the Court of Appeals in *State v. Daniels*, 2 Kan. App. 2d 603, 586 P.2d 50 (1978), which stated the following general principles governing a criminal defendant's right to counsel and the waiver of that right:

(1) Absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as a misdemeanor or a felony, unless represented by counsel at trial.

(2) Waiver will not be presumed from a silent record.

(3) The State has the burden of showing that an accused was advised of his right to counsel, either retained or appointed, and that waiver of counsel was knowingly and intelligently made.

(4) Whether an accused knowingly and understandably waived his or her right to counsel after the assistance of counsel was offered would depend upon the particular facts and circumstances of each case.

(5) When any person is accused of an offense, whether a misdemeanor or felony, for which he or she may be imprisoned, that person must be informed of the right to retained or appointed counsel before he or she can make a knowing and intelligent waiver of counsel.

In *Daniels*, the Court of Appeals found that the record was barren of any evidence to show defendant was informed that counsel would be appointed by the court to represent him at no expense to him if he could not afford counsel. The court then reversed and remanded the case for a new trial.

The Court of Appeals in the present case examined the record before it and, relying on *Daniels*, held that the case should be reversed, because there was no substantial competent evidence

in the record supporting the district court's finding regarding defendant's waiver of counsel.

The decision in *Daniels* is consistent with the holding of this court in *In re Habeas Corpus Application of Gilchrist*, 238 Kan. 202, 708 P.2d 977 (1985), which recognized and applied the principles stated by the Court of Appeals in *Daniels*. In *Gilchrist* the court noted *State v. Andrews*, 5 Kan. App. 2d 678, 680, 623 P.2d 534 (1981), where the Court of Appeals held that, even if the trial court conducted an extensive inquiry into the defendant's desire to waive counsel, if that inquiry did not appear *in the record,* the State could not meet its burden of proving that defendant's waiver of counsel was knowingly and intelligently made and, therefore, defendant's Sixth Amendment right to counsel was abridged.

As noted at the outset of this opinion, following the granting of the petition for review by this court, the district court record was enlarged to include certified copies of documents from the district court file which had not been included in the record when the case was decided by the Court of Appeals. On the basis of the record before the Court of Appeals at the time the case was decided, we believe the Court of Appeals correctly found that there was nothing in the record to show that the defendant was advised of his right to appointed counsel in the event he was financially unable to provide counsel.

However, we have considered the record as expanded by the additional documents mentioned above and have concluded that, on the basis of the record now before us, there is substantial competent evidence in the record to support the findings of the district court that defendant Turner was adequately advised as to his right to counsel, and that his waiver of counsel was knowingly and intelligently made.

In reaching this conclusion, we note the following unrefuted facts established in the written record:

(1) The journal entry of the proceedings at the first appearance of the defendant before Judge Lockett on September 28, 1981, states, without equivocation, that the court informed defendant that he was entitled to counsel to assist him and conduct his defense and that counsel would be appointed to defend him if it is established that he is not financially able to employ counsel. That journal entry is signed by Judge Lockett. Neither defendant

nor his then counsel, Larry Hollis, testified that the journal entry did not speak the truth.

(2) The transcript of defendant's plea of guilty before Judge David W. Kennedy on March 22, 1982, shows that the judge asked defendant the following question: "Did Judge Ballinger explain to you your right to an attorney?" The defendant in response to that question answered, "Yes." It is obvious that there was some confusion present in this case because the defendant appeared both before Judge Ballinger and Judge Kennedy following the order binding him over for trial after he had waived his preliminary examination. Because the defendant advised Judge Kennedy that Judge Ballinger had already explained to him his right to an attorney, obviously Judge Kennedy did not believe that it was necessary to again advise defendant that the court would appoint counsel for him if he was unable to afford counsel.

(3) The defendant entered his plea of guilty pro se before Judge Kennedy on March 22, 1982. Sentence was imposed on May 20, 1982, with the defendant represented by Frank Cobb, his court-appointed attorney. Both Mr. Cobb and defendant were asked by the court whether there was any legal reason why the court should not impose sentence. Both defendant and his attorney responded in the negative. Certainly, the defendant must have consulted with Cobb prior to imposition of sentence. If there was any question about the voluntary nature of his plea of guilty, the matter would ordinarily have been raised at that time.

(4) On October 25, 1984, at the hearing for revocation of defendant's probation, the defendant appeared in person and with his court-appointed counsel, Gerard C. Scott, assistant public defender. At that time, no issue was raised as to the voluntariness of defendant's plea of guilty. It was not until February of 1985 that Mr. Scott moved the court to set aside the judgment of conviction and to permit the defendant to withdraw his plea of guilty.

(5) At the hearing on defendant's motion to withdraw his plea of guilty, there was no evidence whatsoever presented on behalf of the defendant that he had not been advised as to his right to appointed counsel or that his plea of guilty was not voluntarily and intelligently made.

It has long been the law of this state that a recital of a judgment

record as to facts is prima facie sufficient to establish the facts recited and cannot be disregarded *without clear and satisfactory proof* to the contrary. Sée *Goetz v. Hand,* 185 Kan. 788, 347 P.2d 349 (1959), *O'Driscoll v. Soper,* 19 Kan. 574 (1878). Under the circumstances, we have no hesitancy in holding that there is substantial competent evidence in the record to support the findings of the trial court that the defendant was advised by the court that, if he was indigent, counsel would be appointed to represent him.

The defendant also maintains that his plea of guilty must be set aside because of noncompliance with K.S.A. 22-3426(a), which provides as follows:

"22-3426. **Record of judgment.** (a) When judgment is rendered or sentence of imprisonment is imposed, upon a plea or verdict of guilty, *a record thereof shall be made upon the journal of the court,* reflecting, if applicable, conviction or other judgment, the sentence if imposed, and the commitment, *which record among other things shall contain* a statement of the crime charged, and under what statute; the plea or verdict and the judgment rendered or sentence imposed, and under what statute, and *a statement that the defendant was duly represented by counsel naming such counsel, or a statement that the defendant has stated in writing that he or she did not want counsel to represent him or her."*

We find this contention to be without merit. K.S.A. 22-3426(a) is essentially the same statute as the former Kansas statute K.S.A. 62-1516 (Corrick), which was adopted in 1941.

In *Selbe v. Hudspeth,* 175 Kan. 154, 157, 259 P.2d 204 (1953), the court stated that the purpose of K.S.A. 62-1304 (Corrick), a similar statute, was to provide for a record that disclosed fully what had occurred, so that there could be no controversy as to what advice was given to the accused by the court and his responses and answers to any questions asked him or as to whether the trial court made the findings requisite under the statute.

In *Goetz v. Hand,* 185 Kan. at 793, this court stated that the *judgment record* is prima facie evidence of the facts which it recites. Where a question of waiver of the right to counsel arises, the Kansas decisions simply hold that there must be some written evidence in the record to show that the defendant was fully advised as to his right to appointed counsel.

As noted above, the journal entry covering the first appearance of the defendant in district court shows that he was represented by counsel at the time and defendant was advised of his right to

counsel and further that counsel would be appointed to represent him if he was unable to afford counsel. Since that finding is not rebutted by any witness in this case, we think it clear that the requirements of K.S.A. 22-3426 have been sufficiently complied with.

The judgment of the district court is affirmed. The judgment of the Court of Appeals is reversed.

LOCKETT, J., not participating.