(738 P.2d 463)

No. 59,503

State of Kansas, *Appellee,* v. Ruth Bryan, *Appellant.*

Opinion filed June 11, 1987.

*Brad L. Keil,* assistant appellate defender, *Melissa Sheridan,* assistant appellate defender, and *Benjamin C. Wood,* chief appellate defender, for appellant.

*Eric S. Rosen,* assistant district attorney, *Gene M. Olander,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before Meyer, P.J., Brazil and Davis, JJ.

Meyer, J.: This is a criminal case in which defendant Ruth Bryan appeals her convictions of four counts of felony theft pursuant to K.S.A. 39-720 and K.S.A. 1986 Supp. 21-3701, commonly known as welfare fraud.

The sole issue on appeal is whether the district court lacked jurisdiction to convict the defendant because the information failed to allege a crime.

The information upon which the defendant was tried and convicted alleged four counts of "welfare fraud." It began as follows:

"In the name and by the Authority of the State of Kansas, I, Gene M. Olander, District Attorney in and for the County of Shawnee in the State of Kansas, who prosecute for and on behalf of said State in the District Court of said County, sitting and for the County of Shawnee, come now here and give the Court to understand and be informed that Ruth Bryan at the County of Shawnee, in the State of Kansas aforesaid, and with the Jurisdiction of the Court, on or about the 1st day of September, A.D. 1983, did unlawfully, feloniously, willfully and intentionally,

"Count 1

"*WELFARE FRAUD,* K.S.A. 39-720 and 21-3701, pen. section 21-4501(d)

"obtain by means of willful false statement or representation or by other fraudu-

lent device, welfare assistance, to which the said RUTH BRYAN was not entitled, the said assistance being in an amount of one hundred dollars ($100) or more and the property of the State of Kansas, contrary to the form of the statutes in such case made and provided and against the peace and dignity of the State of Kansas."

Except for the dates of the alleged offenses, counts 2, 3, and 4 were all in substantially the same language as count 1.

None of the four counts of the information alleged that the defendant obtained control over the State's property with the intent to deprive the owner permanently of the possession, use, or benefit of the property. For this reason, the defendant contends the district court erred in convicting her of felony theft pursuant to K.S.A. 39-720 and K.S.A. 1986 Supp. 21-3701. We agree.

The indictment or the information is the jurisdictional instrument upon which the accused stands trial. *State v. Slansky*, 239 Kan. 450, 452, 720 P.2d 1054 (1986). An information which fails to include an essential element of the crimes it attempts to charge is jurisdictionally and fatally defective, and the convictions for those offenses must be reversed. *State v. Jackson*, 239 Kan. 463, Syl. ¶ 5, 721 P.2d 232 (1986).

K.S.A. 39-720 is the statute under which the defendant was convicted. It provides as follows:

"Any person who obtains or attempts to obtain, or aids or abets any other person to obtain, by means of a willfully false statement or representation, or by impersonation, collusion, or other fraudulent device, assistance to which the applicant or client is not entitled, *shall be guilty of the crime of theft, as defined by K.S.A. 21-3701*; and he shall be required to remit to the secretary the amount of any assistance given him under such fraudulent act." (Emphasis added.)

K.S.A. 1986 Supp. 21-3701 defines the crime of theft as follows:

"Theft is *any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property:*
(a) Obtaining or exerting unauthorized control over property; or
(b) *Obtaining by deception control over property.*" (Emphasis added.)

A conviction for welfare fraud under K.S.A. 39-720 is a conviction for theft. K.S.A. 39-720; *State v. Ambler*, 220 Kan. 560, 552 P.2d 896 (1976). An essential element of the crime of theft is that the accused obtain the property "with intent to deprive the owner permanently of the property. K.S.A. 1986 Supp. 21-3701; *State v. Burnett*, 4 Kan. App. 2d 412, Syl. ¶ 1, 607 P.2d 88 (1980).

The State contends that a person who fraudulently obtains welfare assistance to which the person is not entitled, according to K.S.A. 39-720, "shall be guilty of theft." The problem with the State's argument is that K.S.A. 39-720 does not stop at the point where it states that "[a]ny person who obtains . . . by means of . . . fraudulent device, assistance to which the [person] is not entitled, *shall be guilty of the crime of theft*." (Emphasis added.) Presumably, the Legislature could have stopped at that point. See *State v. Jones*, 214 Kan. 568, 570, 521 P.2d 278 (1974) ("The Legislature has the power to define and prescribe punishment for criminal offenses.") However, the statute continues, saying that such person "shall be guilty of the crime of theft, *as defined by K.S.A. 21-3701.*" (Emphasis added.) K.S.A. 1986 Supp. 21-3701 in fact defines "theft" as obtaining control over property "with intent to deprive the owner permanently of the possession . . . of the owner's property." A person is not guilty of theft "as defined by K.S.A. 21-3701" unless that person obtains control of the property with the intent to permanently deprive the owner of his property. Thus, we hold that an information charging an accused of "welfare fraud" under K.S.A. 39-720 must allege that the accused obtained control of the property with the intent to permanently deprive the owner of his property.

The State contends that K.S.A. 39-720 is a penal statute and the specific elements listed in the statute constitute an independent crime. The State's argument finds support in *In re Estate of Butler*, 159 Kan. 144, 147, 152 P.2d 815 (1944), wherein it was held that the predecessor of K.S.A. 39-720 "creates a criminal liability for the fraudulent obtaining of assistance and provides a penalty for the commission of that offense." However, at the time *Butler* was decided, the predecessor of K.S.A. 39-720 read as follows:

"Any person who obtains or attempts to obtain, or aids or abets any other person to obtain, by means of a willfully false statement or representation, or by impersonation, collusion, or other fraudulent device, assistance to which the applicant or client is not entitled, is guilty of a misdemeanor, and upon conviction thereof shall be fined not more than five hundred dollars or be imprisoned for not more than six months or by both such fine and imprisonment." G.S. 1935, 39-720 (1943 Supp.).

Clearly, the older statute defined an independent crime. How-

ever, the present version of the statute labels the proscribed acts as "theft, as defined by K.S.A. 21-3701." A conviction for fraudulently obtaining welfare assistance is a conviction for theft, specifically, theft by deception under K.S.A. 1986 Supp. 21-3701(b). See *State v. Turner*, 239 Kan. 360, 721 P.2d 255 (1986); *State v. Ambler*, 220 Kan. 560. K.S.A. 39-720 does not define "welfare fraud" as a crime independent of theft, but defines it as "theft." The State's argument that K.S.A. 39-720 constitutes an independent crime is without merit.

The State also contends that the reference in K.S.A. 39-720 to 21-3701 exists only for dispositional purposes; that is, to determine whether the proscribed act is a felony or a misdemeanor depending on the value of the assistance fraudulently obtained. We have been unable to find any case or statutory authority that supports this conclusion. However, the State's theory does find some support if one looks to the history of K.S.A. 39-720. As stated above, the statute at one time provided that a person committing the act proscribed by the statute "is guilty of a misdemeanor." By inserting "shall be guilty of the crime of theft, as defined by K.S.A. 21-3701" in place of the prior language, the Legislature may have intended to direct the sentencing judge in determining whether the crime was a felony or a misdemeanor.

However, the State's argument is overshadowed by the fact that other statutes in the Social Welfare article specifically guide a sentencing court with respect to crimes involving welfare assistance. For example, K.S.A. 39-709b(d) provides:

"It shall be unlawful for any person, association, firm, corporation or other agency to disclose, to make use of or to authorize, knowingly permit, participate in or acquiesce in the use of any lists or names or addresses contained in the public list . . . for commercial or political purposes of any nature or to make use of or disclose confidential information except as provided in this section. Any person, association, firm, corporation or other agency who willfully or knowingly violates any provisions of this section shall be guilty of a class B misdemeanor."

Even more illustrative of the weakness of the State's argument is K.S.A. 39-717, which establishes penalties for the unlawful sale or disposition of welfare assistance. The statute provides, in part:

"Any person convicted of violating the provisions of this paragraph shall be guilty of a class A misdemeanor if the value of the assistance sold or otherwise disposed of, purchased, acquired or possessed was less than $100. Any person

convicted of violating the provisions of this paragraph shall be guilty of a class E felony if the value of the assistance sold or otherwise disposed of, purchased, acquired or possessed was $100 or more."

Had the Legislature intended the misdemeanor/felony distinction in K.S.A. 1986 Supp. 21-3701 to apply to cases of welfare fraud, presumably it would have set out that distinction in K.S.A. 39-720 itself rather than refer to the theft statute. This is what the Legislature did in K.S.A. 39-717; it could have just have easily done the same thing in K.S.A. 39-720. Because the Legislature specifically refers to the theft statute, we conclude the Legislature did not simply want to guide the sentencing judge as to whether the crime was a felony or a misdemeanor.

The State relies on an unpublished opinion of this court in support of its argument that the information charging the defendant herein was valid. The use of an unpublished opinion is expressly forbidden by Supreme Court Rule 7.04, 235 Kan. lxxiii, and we accordingly disregard it.

The defendant herein was convicted of felony theft pursuant to K.S.A. 39-720 and K.S.A. 1986 Supp. 21-3701. The information charging the defendant with theft did not allege that she obtained control of the welfare funds with the intent to permanently deprive the State of those funds, an essential element of theft. Consequently, her convictions for theft are void and are reversed.