No. 59,911
and
No. 59,912

STATE OF KANSAS, *Appellee,*

v.

TERESA E. CLASSEN a/k/a/ LATISA MECHEUX a/k/a/ THERESA E. CLASSEN a/k/a LATRICIA E. MECHEAUX, *Appellant,* and STATE OF KANSAS, *Appellee,* v. LATISA MICHEAUX, *Appellant.*

(747 P.2d 784)

Opinion filed December 11, 1987.

*Brad L. Keil,* assistant appellate defender, argued the cause, and *Benjamin C. Wood,* chief appellate defender, was with him on the brief for appellant.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Clark V. Owens,* district attorney, and *Debra Barnett,* assistant district attorney, were on the brief for appellee.

The opinion of the court was delivered by

PRAGER, C.J.: This is a direct appeal by the defendant, Latisa Micheaux, from her conviction following a plea of guilty to one count of welfare fraud (K.S.A. 39-720 and K.S.A. 1986 Supp. 21-3701). The trial judge refused to follow the State's recommendation that defendant be placed on probation and imposed sentence. Defendant then filed a timely appeal. The Court of Appeals reversed defendant's conviction in an unpublished opinion filed June 18, 1987. The Supreme Court granted the State's petition for review.

The sole issue before this court is whether the trial court lacked jurisdiction to convict defendant Micheaux of welfare fraud or theft because the information failed to allege a crime. The facts in this case are undisputed. The complaint/information charged the defendant with welfare fraud under K.S.A. 39-720 and K.S.A. 1986 Supp. 21-3701, which provide as follows:

"39-720. **Penalty relating to fraudulent acts, civil actions, evidence.** Any person who obtains or attempts to obtain, or aids or abets any other person to obtain, by means of a willfully false statement or representation, or by impersonation, collusion, or other fraudulent device, assistance to which the applicant or client is not entitled, shall be guilty of the crime of theft, *as defined by K.S.A. 21-3701*; and he shall be required to remit to the secretary the amount of any assistance given him under such fraudulent act. In any civil action for the recovery of assistance on the grounds the assistance was fraudulently obtained, proof that the recipient of the assistance possesses or did possess resources which does or would have rendered him ineligible to receive such assistance shall be deemed prima facie evidence that such assistance was fraudulently obtained."

### K.S.A. 1986 Supp. 21-3701:

"21-3701. **Theft.** Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property:

"(a) Obtaining or exerting unauthorized control over property; or

"(b) Obtaining by deception control over property; . . ."

"Theft of property of the value of $150 or more is a class E felony. Theft of property of the value of less than $150 is a class A misdemeanor, except that theft of property of the value of less than $150 is a class E felony if committed by a person who has, within five years immediately preceding commission of the crime, been convicted of theft two or more times."

The complaint/information on which defendant was convicted alleged one count of welfare fraud as follows:

"COMPLAINT/INFORMATION

"COMES NOW, Mark Sevart, a duly appointed, qualified and acting Assistant District Attorney of the 18th Judicial District of the State of Kansas, and for and on behalf of the said State gives the Court to understand and be informed that in the County of Sedgwick, and State of Kansas, and on or about the 11th day of May, 1984, A.D., and from then on continuously until and including the 4th day of September, 1984, one Latisa Micheaux, did then and there unlawfully, willfully and knowingly obtain or attempt to obtain cash assistance to which defendant was not entitled in a total and aggregate amount of $756.00, by means of a false statement or other fraudulent device, to wit: submission of income reporting forms to the State Department of Social and Rehabilitation Services on which defendant failed to disclose she was employed and receiving wages by otherwise failing to report to the State Department of Social and Rehabilitation Services that she was receiving income from a source other than welfare assistance."

The Court of Appeals held that the information was fatally defective for the reasons stated in *State v. Bryan,* 12 Kan. App. 2d 206, 738 P.2d 463, *rev. denied* 241 Kan. 839 (1987). In *Bryan,* the defendant appealed her conviction of four counts of felony theft pursuant to K.SEA. 39-720 and K.S.A. 1986 Supp. 21-3701, commonly known as welfare fraud. The four counts of welfare fraud alleged in the information were essentially the same as the allegations contained in the information now before us. In *Bryan,* the court pointed out that none of the four counts alleged that the defendant had obtained control of the State's property *with the intent to deprive the owner permanently of the possession, use, or benefit of the property,* which is an element of theft as set forth in K.S.A. 1986 Supp. 21-3701. Defendant Bryan contended that the district court erred in convicting her of welfare fraud on the grounds that an intent to deprive the owner permanently of the possession or ownership of the property is an essential element of the crime and, because the information failed to specifically include that necessary intent in each of the counts, the information was fatally defective. The court in *Bryan* agreed, stating in the opinion as follows:

"A conviction for welfare fraud under K.S.A. 39-720 is a conviction for theft. K.S.A. 39-720; *State v. Ambler,* 220 Kan. 560, 552 P.2d 896 (1976). An essential element of the crime of theft is that the accused obtain the property 'with intent to deprive the owner permanently of the property.' K.S.A. 1986 Supp. 21-3701; *State v. Burnett,* 4 Kan. App. 2d 412, Syl. ¶ 1, 607 P.2d 88 (1980).

"The State contends that a person who fraudulently obtains welfare assistance to which the person is not entitled, according to K.S.A. 39-720, 'shall be guilty of

theft.' The problem with the State's argument is that K.S.A. 39-720 does not stop at the point where it states that '[a]ny person who obtains . . . by means of . . . fraudulent device, assistance to which the [person] is not entitled, *shall be guilty of the crime of theft.*' (Emphasis added.) Presumably, the Legislature could have stopped at that point. See *State v. Jones,* 214 Kan. 568, 570, 521 P.2d 278 (1974) ('The Legislature has the power to define and prescribe punishment for criminal offenses.') However, the statute continues, saying that such person 'shall be guilty of the crime of theft, *as defined by K.S.A. 21-3701.*' (Emphasis added.) K.S.A. 1986 Supp. 21-3701 in fact defines 'theft' as obtaining control over property 'with intent to deprive the owner permanently of the possession . . . of the owner's property.' A person is not guilty of theft 'as defined by K.S.A. 21-3701' unless that person obtains control of the property with the intent to permanently deprive the owner of his property. Thus, we hold that an information charging an accused of 'welfare fraud' under K.S.A. 39-720 must allege that *the accused obtained control of the property with the intent to permanently deprive the owner of his property.*" 12 Kan. App. 2d at 207-08.

The court in *Bryan* rejected the State's contention that K.S.A. 39-720 is an independent penal statute and that the specific elements listed in that statute constitute an independent crime. The court stated that a conviction for fraudulently obtaining welfare assistance is a conviction for theft, specifically theft by deception under K.S.A. 1986 Supp. 21-3701(b), and that K.S.A. 39-720 does not define welfare fraud as a crime independent of theft, but defines it as theft. Thus, the State's argument that K.S.A. 39-720 constitutes an independent crime was held to be without merit. In *Bryan,* the State contended that the reference in K.S.A. 39-720 to 21-3701 exists only for dispositional purposes; that is, to determine whether the proscribed act is a felony or a misdemeanor depending on the value of the assistance fraudulently obtained. The court in *Bryan* refused to accept this argument, concluding that the use of the words in K.S.A. 39-720 "shall be guilty of the crime of theft, as defined by K.S.A. 21-3701," in place of the prior statutory language, showed that the legislature intended that the elements of theft under 21-3701 had to be proved in order to convict the defendant of welfare fraud under K.S.A. 39-720.

The issue presented in this case is difficult because of the peculiar language used in K.S.A. 39-720. Before determining the issue, it would be helpful to consider some of the general principles of law which are followed in this state in construing and determining the legal effect of the language used in an

information in a criminal case. In *State v. Bird*, 238 Kan. 160, 708 P.2d 946 (1985), the following basic principles of law were recognized:

"In a felony action, the indictment or information is the jurisdictional instrument upon which the accused stands trial. A conviction based upon an information which does not sufficiently charge the offense for which the accused is convicted is void. Failure of the information to sufficiently state an offense is a fundamental defect which can be raised at any time, even on appeal." (Syl. ¶ 1.)

"Sufficiency of the indictment or information is to be measured by whether it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and by whether it is specific enough to make a plea of double jeopardy possible." (Syl. ¶ 2.)

"In this state, an information which charges an offense in the language of the applicable criminal statute is sufficient." (Syl. ¶ 3.)

Under the Kansas code of criminal procedure, and more specifically in K.S.A. 1986 Supp. 22-3201, prosecutions for crime must be upon a complaint, indictment, or information. Section (2) of the statute provides in part:

"The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient."

Section (5) of 22-3201 states:

"(5) When a complaint, information or indictment charges a crime but fails to specify the particulars of the crime sufficiently to enable the defendant to prepare a defense the court may, on written motion of the defendant, require the prosecuting attorney to furnish the defendant with a bill of particulars. At the trial the state's evidence shall be confined to the particulars of the bill."

K.S.A. 22-3208 provides in part:

"(3) Defenses and objections based on defects in the institution of the prosecution or in the complaint, information or indictment other than that it fails to show jurisdiction in the court or to charge a crime may be raised only by motion before trial. . . . Lack of jurisdiction or the failure of the complaint, information or indictment to charge a crime shall be noticed by the court at any time during the pendency of the proceeding."

It is clear from the language of 22-3201 and 22-3208 and the decision of this court in *State v. Bird*, 238 Kan. 160, that the issue raised by the defendant that the information was fatally defective may be raised in this court, even though the defendant entered a plea of guilty to the charge of welfare fraud contained in the information.

The general rule followed throughout the United States and in Kansas is that, in charging a statutory offense, it is not necessary to use the exact words of the statute. An indictment or information for an offense is sufficient if it follows the language of the statute substantially or charges the offense in equivalent words or others of the same import if the defendant is thereby fully informed of the particular offense charged and the court is able to see therefrom on what statute the offense is founded. In the early case of *State v. Patterson,* 66 Kan. 447, 71 Pac. 860 (1903), it was held that, in a prosecution under a statute creating the crime of embezzlement by an officer of the city which did not allege in specific words an intent to defraud, having left such intent to be derived from the words "embezzle or convert to his own use," the intent to defraud need not be alleged in specific words in an information for such crime.

In *State v. Morris,* 124 Kan. 505, 260 Pac. 629 (1927), the defendant was charged in the information with forgery in the language of the statute but the words "with intent to defraud" were omitted. This court held that, inasmuch as the information was drawn substantially in conformity with the statute, the information was not defective, because it alleged that the defendant had falsely, unlawfully, willfully, and feloniously made a fraudulent writing. The court stated that the day had passed in this jurisdiction "when criminals can hope to go unwhipped of justice because of the want of a technical recital in a criminal information which neither misled nor prejudiced them in the preparation or management of their defense." 124 Kan. at 508. The court stated that there was no pretense that defendants did not understand they were on trial for the fraudulent making of a check on a Hiawatha bank to the prejudice of the owner of a filling station, the bank, and the man whose name they wrote on the check. The court thus upheld the information even though an intent to defraud was not specifically alleged.

In *State v. Hillis,* 145 Kan. 456, Syl. ¶ 1, 65 P. 2d 251 (1937), it was held that a count in an information containing the words of the statute "steal, take and carry away," in charging the crime of petty larceny under G.S. 1935, 21-535, especially when those words were preceded by the word "unlawfully," was sufficient without a specific allegation of criminal intent.

In *State v. Hazen*, 160 Kan. 733, 737, 165 P.2d 234 (1946), the court stated that in charging statutory offenses, except in those cases in which the statute simply designates and does not describe or name the constituent elements of the offense, informations are sufficient if they charge an offense in the language of the statute. Even the statutory words need not be strictly pursued, but others conveying the same meaning may be used. Sixteen Kansas cases handed down between 1875 and 1937 are cited to support the rule.

The long-recognized general rule was departed from in *State v. Giddings*, 216 Kan. 14, 531 P.2d 445 (1975). There, the defendant was convicted of forging and uttering a check in violation of K.S.A. 21-3710. The court held that where a specific intent is made part of the offense by the statute which creates it, that intent must be included in the charge set forth in the information and it is not sufficient to charge that the act was unlawfully, feloniously, and willfully done. Because intent to defraud is a specific element of the offense of forgery as defined in K.S.A. 21-3710, that intent must be alleged in an information charging forgery in violation of that statute.

More recently, in *State v. Lucas*, 221 Kan. 88, 557 P.2d 1296 (1976), the defendant was convicted of aggravated robbery. The defendant challenged the sufficiency of the information, since it did not allege the acts were committed with criminal intent. This court rejected that argument, holding that the information was sufficient. We stated that the information charged the defendant in the words of the aggravated robbery statute and further alleged that the act was committed "feloniously," which infers the acts were done with criminal intent.

In the recent case of *State v. Garner*, 237 Kan. 227, 699 P.2d 468 (1985), it was held in Syllabus ¶ 2:

"An information which charges an offense in the language of the statute or its equivalent is sufficient. Further, the exact statutory words need not be used in the information if the meaning is clear."

From this long line of Kansas cases, we must conclude that an information which charges an offense in the language of the statute or its equivalent is sufficient, and, further, the exact statutory words need not be used in the information if the

meaning is clear. While an information may be insufficient if it fails to allege an essential element of the offense, nevertheless, an information should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied.

The problem before us is essentially one of statutory interpretation. That problem becomes difficult in cases where the statute contains conflicting language making it extremely difficult to determine legislative intent. This court has held that the fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute, even though words, phrases, or clauses at some place in the statute must be omitted or inserted. *Farm & City Ins. Co. v. American Standard Ins. Co.*, 220 Kan. 325, Syl. ¶ 3, 552 P.2d 1363 (1976). The various provisions of a statute *in pari materia* must be construed together with a view of reconciling and bringing them into workable harmony if it is reasonably possible to do so. *Callaway v. City of Overland Park*, 211 Kan. 646, 650, 508 P.2d 902 (1973). When a statute is susceptible of more than one construction, it should be given the construction which, when considered in its entirety, gives expression to its intent and purpose, even though such construction is not within the strict literal interpretation of the statute. *Gnadt v. Durr*, 208 Kan. 783, Syl. ¶ 2, 494 P.2d 1219 (1972).

K.S.A. 22-2103 states that the code of criminal procedure is intended to provide for the just determination of every criminal proceeding and that its provisions shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay. As noted in the Judicial Council comments to 22-2103, our criminal code should not in any case be interpreted technically so as to defeat the ends of justice.

The statute which we must construe in this case is K.S.A. 39-720 and its relationship to K.S.A. 1986 Supp. 21-3701. As stated earlier in this opinion, the Court of Appeals held the information to be fatally defective on the basis of its decision in *State v. Bryan*, 12 Kan. App. 2d 206. The Court of Appeals in that case relied to a great extent on the fact that K.S.A. 39-720 stated

that such person "shall be guilty of the crime of theft *as defined by K.S.A. 21-3701.*" The use of the the words "as defined by K.S.A. 21-3701" had the legal effect of making a charge for K.S.A. 39-720 the same as a charge of theft, and, therefore, K.S.A. 39-720 was not a distinct and separate crime. The court thus held the State's argument that K.S.A. 39-720 constituted an independent crime was without merit.

We have concluded that the Court of Appeals in *State v. Bryan* erred in its reliance on the words "as defined by K.S.A. 21-3701" as used in K.S.A. 39-720. In our judgment, there is other language in the statute which demonstrates that the legislative intent was to make a charge under K.S.A. 39-720 an independent crime of welfare fraud, and that the purpose of referring to 21-3701 was simply to include welfare fraud in the general category of theft offenses and to carry the same penalties as theft. It is clear from the history of K.S.A. 39-720 that that statute was enacted to create an independent crime of welfare fraud to be utilized as a means of enforcing the Social Welfare Act which was enacted by the Kansas Legislature in 1937. A rather comprehensive review of the act is discussed in *State v. Allison,* 173 Kan. 107, 244 P.2d 176 (1952).

Down through the years there have been cases before the Supreme Court where it has been assumed that welfare fraud is an independent crime. In *State v. Turner,* 239 Kan. 360, 721 P.2d 255 (1986), the defendant entered a plea of guilty to "welfare fraud" (K.S.A. 39-720 and K.S.A. 21-3701[b]). The sufficiency of the information was not challenged, but the opinion seems to assume that welfare fraud is an independent crime.

When we closely examine the language of K.S.A. 39-720, it becomes obvious that a person convicted under that statute may be guilty even though no actual theft of property is involved as required by K.S.A. 1986 Supp. 21-3701. The statute declares, in substance, that any person who obtains *or attempts to obtain* by means of a willfully false statement or representation, assistance to which the applicant or client is not entitled shall be guilty of the crime of theft. The word "assistance" is a term used throughout the Social Welfare Act and is specifically defined in K.S.A. 39-702(d) as follows:

"(d) 'Assistance' includes such items or functions as the giving or providing of

money, food stamps or coupons, food, clothing, shelter, medicine or other materials, the giving of any service, including instructive or scientific, and the providing of institutional care, which may be necessary or helpful to the recipient in providing necessities of life for the recipient and the recipient's dependents. The definitions of social welfare service and assistance in this section shall be deemed as partially descriptive and not limiting."

A person may be guilty under K.S.A. 39-720 where he wrongfully obtains "assistance" to which he is not entitled. "Assistance" includes, in addition to items of personal property, the giving of any services, including scientific or instructive services, and the providing of institutional care. The use of the broad term "assistance" is completely contrary to the concept that a person can be guilty under K.S.A. 39-720 only where he is involved in a theft of *property* as required by K.S.A. 1986 Supp. 21-3701. The theft of services is governed by K.S.A. 1986 Supp. 21-3704, a different statute which covers obtaining services from another by deception, threat, coercion, stealth, mechanical tampering, or use of a false token or device. In our judgment, it is *incongruous to conclude that 21-3701, involving theft of property, should be extended to cover a violation of K.S.A. 39-720 where assistance other than property was obtained by an offender.*

It is also important to note that K.S.A. 39-720 makes it a crime not only to obtain assistance, but also to attempt to obtain assistance. It would not be logical to conclude that a person who merely attempts to obtain assistance is subject to prosecution under 21-3701, which requires, in each instance, that the offender actually obtain "control of property."

We also think it significant that K.S.A. 39-720 refers to the "penalty" relating to fraudulent acts. The use of the term "penalty" relating to fraudulent acts was used by the legislature when it originally enacted the Social Welfare Act in 1937. (L. 1937, ch. 327, § 18). The term "penalty relating to *theft*" was never used.

It is not surprising that confusion exists in this case as to the nature of the crime of welfare fraud. From the time the consolidated theft statutes were enacted in 1969, there has been some confusion as to the relationship of the crime of theft to the crimes of larceny, embezzlement, false pretenses, extortion, receiving stolen property, and the like. *State v. Finch*, 223 Kan. 398, 399,

573 P.2d 1048 (1978). There is a discussion of the historical background of the statute and the legislative objective sought in the consolidation of the state's theft law in an excellent article by Professor Paul E. Wilson, *Thou Shalt Not Steal: Ruminations on the New Kansas Theft Law,* 20 Kan. L. Rev. 385 (1972). The statute is also discussed in *State v. Bandt,* 219 Kan. 816, 819, 549 P.2d 936 (1976). In his article, Professor Wilson points out that there was no legislative intent to change the basic nature of the crimes the new act comprehends. The crime of welfare fraud under K.S.A. 39-720 is essentially the same as the crime of obtaining or attempting to obtain welfare assistance by deception or fraud.

The information in the present case is set forth in full at the beginning of this opinion. The information alleges, in substance, that the defendant did unlawfully, willfully, and knowingly obtain or attempt to obtain cash assistance in the amount of $756 by means of a false statement or other fraudulent device, to-wit: a false income reporting form.

This complaint follows the wording of K.S.A. 39-720, and, in our judgment is sufficient to comply with the standards required for the allegations in an information which are discussed in full in the many cases cited heretofore. The welfare fraud statute requires only that a person "obtains or attempts to obtain, or aids or abets any other person to obtain, by means of a willfully false statement or representation, or by impersonation, collusion, or other fraudulent device, assistance to which the applicant or client is not entitled." Once such a fraudulent act is done, the crime is complete. Therefore, an intent to deprive permanently need not be alleged or proved. The information in this case was sufficient to fully advise the defendant as to the crime with which she was charged. She obtained welfare assistance unlawfully, willfully, and knowingly by use of a false statement or other fraudulent device. How could the defendant be more fully informed of the nature of the charge against her?

For the reasons set forth above, we hold that the information in this case was sufficient to charge the crime of welfare fraud under K.S.A. 39-720. We hold that the crime of welfare fraud is an independent crime from the crime of theft as defined by K.S.A. 1986 Supp. 21-3701 for the reason that it includes an

*attempt* to obtain welfare assistance in addition to the actual obtaining of welfare assistance, and for the further reason that it covers not only the obtaining of *property* but the obtaining of services and institutional care. The information in this case was sufficient to charge the crime of welfare fraud, because it contains language sufficient to allege the basic elements of the offense intended to be charged, because it sufficiently apprises the defendant of what she must be prepared to meet, and because the language used is specific enough to make a plea of double jeopardy possible. *State v. Bird,* 238 Kan. 160, Syl. ¶ 2. In view of our holding in this case, the decision of the Court of Appeals in *State v. Bryan,* 12 Kan. App. 2d 206, is hereby overruled.

The judgment of the district court is affirmed and the judgment of the Court of Appeals is reversed. The case is remanded for further proceedings in the district court.