**Roger McNeil SMITH, Petitioner,**

v.

**Robert D. HANNIGAN, Respondent.**

No. 91–3390–S.

United States District Court,
D. Kansas.

Sept. 14, 1992.

Roger McNeil Smith, pro se.

Melanie S. Jack, Kansas Bureau of Investigation, Topeka, Kan., for respondent.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is an inmate in the custody of the Secretary of the Kansas Department of Corrections. In this petition, Smith challenges his 1986 conviction, pursuant to a guilty plea, of one count of rape in violation of K.S.A. 21–3502 and one count of aggravated criminal sodomy in violation of K.S.A. 21–3506. Petitioner specifically alleges (1) the district court failed to establish a factual basis for the guilty plea; (2) the court failed to advise petitioner of his rights; (3) petitioner was denied effective assistance of counsel; (4) the complaint failed to allege a crime; and (5) the court failed to verify the accuracy of the presentence investigation.

Having examined the record in this matter, the court makes the following findings and order.

### Factual Background

Petitioner entered a guilty plea in the District Court of Lyon County, Kansas, to one count of rape and one count of aggravated criminal sodomy pursuant to a plea agreement. In exchange, one count of robbery was dismissed on the State's motion. In February 1986, petitioner was sentenced to consecutive terms of ten to twenty years on each count.

At the time of petitioner's plea, the trial court conducted a lengthy inquiry into petitioner's understanding of the charges and acceptance of the plea bargain before accepting his plea.

In July 1987, the Kansas Supreme Court affirmed the sentence imposed. Petitioner has unsuccessfully pursued post-conviction relief in the state courts prior to commencing this action.

## Discussion

### Factual basis for guilty plea

Petitioner first asserts the trial court failed to establish a factual basis for his guilty plea. The Kansas Court of Appeals concluded an adequate basis for the plea was established, as required by state law, K.S.A. 22–3210(a)(4), noting the district court judge who accepted the plea had signed the warrant for petitioner's arrest after reviewing a detailed affidavit, had presided at petitioner's arraignment, and accepted petitioner's plea after questioning him under oath.

This court finds no basis for disturbing this conclusion. To present a claim cognizable under § 2254, petitioner must assert a violation of his federal constitutional rights. However, the courts are not generally obligated under the federal constitution to establish a factual basis before accepting a guilty plea. *See Paulson v. Black*, 728 F.2d 1164, 1167 (8th Cir.), *cert. denied*, 469 U.S. 931, 105 S.Ct. 325, 83 L.Ed.2d 262 (1984); *Sena v. Romero*, 617 F.2d 579, 581 (10th Cir.1980); *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir.), *cert. denied*, 404 U.S. 1001, 92 S.Ct. 569, 30 L.Ed.2d 554 (1971). The court notes that the due process clause may require some inquiry into the factual basis where a defendant maintains his innocence at the colloquy. *North Carolina v. Alford*, 400 U.S. 25, 37–39, 91 S.Ct. 160, 167–68, 27 L.Ed.2d 162 (1970). Petitioner, however, did not fall within this category of cases.

### Failure to advise of rights

Petitioner next contends the trial judge erred in failing to advise him of his specific rights at trial, including his right to subpoena witnesses, to testify in his own behalf, and to a trial by jury. The court must also reject this claim for relief. While a trial court accepting a guilty plea must determine that the plea is given knowingly and voluntarily, "[a]n enumeration of the specific rights waived and ele-

ments charged, however, is not required." *United States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991).

■ The record before this court clearly demonstrates the trial court questioned petitioner to assure his awareness of his right to a trial, his waiver of cross-examination, and his waiver of the opportunity to offer evidence in his own behalf. (Plea transcript, Case No. 85 CR 377 and 85 CR 381, Vol. 2, pp. 6–7.) The trial court's questioning was thorough and sufficient to determine voluntariness, and the court rejects plaintiff's claim of constitutional error.

*Ineffective assistance of counsel*

■ Petitioner next contends he received inadequate legal representation. To establish his claim of ineffective assistance of counsel, petitioner must meet the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two-part test set forth in *Strickland* requires (1) a showing that counsel committed errors so serious that the defendant did not receive the counsel guaranteed by the Sixth Amendment, and (2) a showing that counsel's performance was so deficient that the defendant did not receive a fair trial. Under *Strickland,* the defendant bears the burden to demonstrate both incompetence and prejudice, and there is a presumption the attorney's conduct falls within "the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065.

■ The *Strickland* test is applicable to a claim that a guilty plea is invalid due to the ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In this situation, the defendant must show that absent counsel's errors, he would not have entered a guilty plea and would have insisted upon a trial. *Id.* at 59, 106 S.Ct. at 370–71.

The record in this case does not demonstrate that petitioner's plea was involuntarily made due to inadequate representation.

First, it is clear petitioner's counsel was faced with difficult circumstances, as petitioner had made a confession which was determined voluntary after a *Jackson v. Denno* hearing.

■ Petitioner's counsel negotiated a favorable plea agreement on behalf of his client which resulted in the dismissal of one felony count. Counsel conferred with petitioner on several occasions prior to the entry of the guilty plea (Transcript, Case No. 89–C–223, Vol. 2, p. 6). Moreover, the attorney's testimony during an evidentiary hearing in a state postconviction proceeding reflects that his performance was competent and professional. Counsel testified as follows regarding his practice in dealing with clients:

> It is not my practice to advise people to plead guilty, but to explain to them the alternatives and offers under plea negotiations that have been forthcoming, and to explain to them the alternatives as far as sentencing and give them my best judgment as to the prospects of a trial on whatever charges are pending against them. So, all of those things would have gone into making that decision.
>
> . . . .
>
> I would tell a client what the sentencing range was. I would tell him that I didn't have any control over that, other than whatever power of persuasion I might have. I would tell him, that, about any aggravating factors in the case that I thought might sway the judge toward a harsher end of that or maybe any factors that might tend to militate the lighter sentence. And, depending on the judge, I would also tell him my opinion of how I felt that judge might likely sentence any particular type of crime. I don't know, obviously, I can't recall what I told Roger. But, in 20 years I never told anybody charged with rape that they were going to get a light sentence out of any of the judges that were on the bench at that time in this community. (Transcript, Case No. 89–C–223, Vol. 2, pp. 7–10)

Petitioner's responses to the trial court's questioning at the plea reflected an understanding of the charges, the possible penalties, the rights waived by a defendant en-

tering a guilty plea, and the plea negotiations undertaken on his behalf. Petitioner stated he was satisfied with the plea bargain reached. (Tr., Cases 85 CR 377 and 381, p. 8.) This court agrees petitioner's counsel exercised the skill of a reasonably competent attorney in this matter and concludes petitioner is entitled to no relief on this claim.

*Sufficiency of the complaint*

Petitioner next claims the criminal complaint under which he was charged was insufficient to establish jurisdiction because it failed to specify the nature of the act charged as sodomy.

The count in question read:

that on or about the 29th day of October, 1985, in Lyon County, Kansas, one Roger M. Smith, then and there being, did then and there unlawfully and willfully engage in sodomy with G ..., without the consent of said G ... and when said G ... was overcome by force or fear, contrary to the form of K.S.A. 21–3506, and against the peace and dignity of the State of Kansas. (Class B Felony)

The complaint followed statutory language and cited the Kansas statute defining sodomy, a practice which has been held sufficient under Kansas law. *State v. Mecheux,* 242 Kan. 192, 747 P.2d 784 (1987).

Generally, the sufficiency of a state court indictment is not a matter for federal habeas corpus review unless the indictment is so defective as to deprive the state trial court of jurisdiction. *Heath v. Jones,* 863 F.2d 815 (11th Cir.1989); *Norman v. McCotter,* 765 F.2d 504 (5th Cir.1985).

The court finds no such deficiency has been shown here. The indictment advised petitioner of the statutory basis of the charge, and petitioner stipulated to the contents of the supporting affidavit at the time he entered his guilty plea. The affidavit clearly identified the factual allegations for the charge of aggravated criminal sodomy. Petitioner had reasonable notice of the charge against him and was not deprived of due process.

*Accuracy of presentence investigation*

Petitioner finally claims the district court erred in failing to establish whether the information contained in his presentence investigation ("PSI") was accurate. He appears to assert the court sentenced him under the mistaken belief he previously had been arrested for rape, rather than for burglary. This claim is not supported by the record of the sentencing. The transcript before the court shows the trial judge specifically inquired at that time whether the petitioner's 1984 arrest was for rape or for burglary. The PSI was then amended to reflect the correction. (Tr., Case No. 85 CR 377, Vol. 3, pp. 2–3.) The trial court also inquired whether the petitioner or his counsel wished to be heard before the imposition of the sentence. (*Id.,* pp. 3–4.)

Further, to the extent petitioner claims his rights were violated because he did not have personal access to the presentence investigation, he is not entitled to relief. Under state law, the report was confidential. K.S.A. 21–4605. Petitioner's counsel was permitted an appropriate opportunity to review the report, and the court finds petitioner has stated no claim for relief.

IT IS THEREFORE ORDERED the petition for habeas corpus is denied.

The clerk of the court is directed to transmit copies of this Memorandum and Order to petitioner and to counsel for respondent.