NOT DESIGNATED FOR PUBLICATION

No. 114,036

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRODERICK ANDERSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed July 8, 2016. Sentence vacated and case remanded with directions.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MCANANY, P.J., HILL and BRUNS, JJ.


*Per Curiam*:  Broderick Anderson appeals the summary denial of his motion to correct an illegal sentence. On appeal, he argues that his two 1993 juvenile adjudications for burglary were improperly scored as person felonies. The presentence report indicates, however, that the juvenile adjudications were for violations of K.S.A. 21-3715(a), which is classified as a person felony. Unfortunately, the record does not definitively indicate when Anderson committed the two burglaries. As a result, we vacate Anderson's sentence and remand this matter to the district court for resentencing.

1

In August 2000, the State charged Anderson as an adult with two counts of aggravated burglary, two counts of aggravated robbery, one count of kidnapping, and one count of felony theft. Prior to trial, the State amended the complaint to allege four additional counts of kidnapping. Ultimately, a jury found Anderson guilty of all charges, and the Court of Appeals subsequently upheld his convictions. *State v. Anderson*, No. 87,210, unpublished opinion filed May 24, 2002, *rev. denied* 274 Kan. 1114 (2002).

The presentence investigation (PSI) report indicated that Anderson had two juvenile burglary adjudications in 1993 for "Burglary (Residence)" pursuant to K.S.A. 21-3715(a). The date of conviction listed for both burglary adjudications was July 26, 1993, and both offenses were scored as person felonies. As a result, the district court found that Anderson had a criminal history score of "B" and sentenced him to serve 277 months' imprisonment with 36 months' postrelease supervision.

In 2005, Anderson filed a motion to correct an illegal sentence, arguing that the district court improperly enhanced his sentence based upon his prior juvenile adjudications. The district court denied Anderson's motion, and he appealed. Thereafter, this court affirmed the district court's denial of the motion. *State v. Anderson*, No. 95,440, unpublished opinion filed December 22, 2006, *rev. denied* 283 Kan. 932 (2007).

Anderson filed another motion to correct an illegal sentence on December 24, 2014. In this motion, he argued that his 1993 burglary adjudications were illegally classified as person felonies contrary to *State v. Murdock*, 299 Kan. 312, 313, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). Following this court's decision in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015), Anderson filed another motion to correct an illegal

2

sentence, arguing that his 1993 burglary adjudications were improperly classified as person felonies. The district court denied both motions, and he timely appealed.

ANALYSIS

In his brief, Anderson asserts that his burglary adjudications were for burglaries he committed prior to July 1, 1993. The State does not dispute this assertion. However, the PSI report indicates that both of Anderson's juvenile burglary adjudications were for violations of K.S.A. 21-3715(a), which did not go into effect until July 1, 1993. Further, the PSI report lists the date of conviction for both of Anderson's juvenile adjudications as July 26, 1993.

We note that copies of the juvenile adjudications are not included in the record on appeal, so it is impossible for us to know the exact date on which Anderson committed these crimes. Although the district court discussed Anderson's burglary adjudications with him at sentencing, the dates the burglaries were committed were never mentioned. Although it is possible, it is highly unlikely that Anderson committed the burglaries on or after July 1, 1993, and was in a position to be adjudicated by July 26, 1993. Regardless, the State had the burden to prove Anderson's criminal history score by a preponderance of the evidence. K.S.A. 21-4715 (Furse); see *State v. Hughes*, 290 Kan. 159, 171, 224 P.3d 1149 (2010). Under the circumstances presented, it would seem incumbent on the State to establish the date on which Anderson actually committed the burglaries for which he was adjudicated in July 1993.

Accordingly, we remand this case to the district court so that the State can produce the necessary documents to show the date on which Anderson committed the burglaries for which he was adjudicated. If the district court determines that the burglaries were committed prior to July 1, 1993, they should be considered as nonperson crimes for the purpose of determining his criminal history. See *State v. Martin*, 52 Kan. App. 2d 474,

3

369 P.3d 959 (2016) and *State v. Vasquez*, 52 Kan. App. 2d 708, ___ P.3d ___, 2016 WL 1728688 (2016). If, however, they were committed on or after July 1, 1993, they should be considered to be person crimes for the purpose of determining his criminal history.

Sentence vacated and remanded for resentencing.