NOT DESIGNATED FOR PUBLICATION

No. 116,240

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRENT L. JONES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed November 17, 2017. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BUSER, P.J., BRUNS, J., and STUTZMAN, S.J.


PER CURIAM:  Brent L. Jones appeals from his sentence after being convicted of aggravated assault. On appeal, Jones contends that his sentence is illegal because the district court improperly included five municipal court convictions in calculating his criminal history score. Based on our review of the record on appeal, we conclude that the State presented substantial competent evidence upon which the district court could rely to conclude by a preponderance of the evidence that three or more of Jones' prior municipal court convictions should be combined to count as a person felony for sentencing purposes in this case. Thus, we affirm.

1

On February 23, 2016, Jones pled guilty to—and was convicted of—one count of aggravated assault. His presentence investigation (PSI) report indicated that he had a criminal history score of A. In response, Jones filed an objection to his criminal history score as reflected on his PSI report because he disputed several entries on his criminal history worksheet involving prior person misdemeanor convictions in Wichita Municipal Court.

The district court continued Jones' sentencing hearing to give the State an opportunity to obtain journal entries regarding the challenged convictions from the municipal court. After receiving the journal entries the State intended to rely upon at sentencing, Jones filed a motion to remove 10 entries from his criminal history worksheet. Specifically, Jones asserted that the State had failed to show that an attorney represented him in several of his municipal court cases.

At the sentencing hearing, the district court gave both parties the opportunity to present evidence. In support of its burden, the State presented journal entries to establish most of the challenged entries on the criminal history worksheet. In response, Jones testified that he could not remember if an attorney represented him in some of his municipal court cases. Although he did not identify any specific case or cases, Jones generally recalled that there were times that he had appeared in municipal court without an attorney.

After reviewing the journal entries presented by the State, the district court granted Jones' motion in part and removed three entries from his criminal history worksheet. The district court also decided not to consider two additional convictions for statutory reasons. As to the remaining five municipal court cases, the district court determined that the State had proven by a preponderance of the evidence that Jones had been represented

by counsel and that his criminal history score of A was correct. Accordingly, the district court sentenced Jones to 32 months' imprisonment pursuant to the Kansas Sentencing Guidelines.

ANALYSIS

On appeal, Jones contends that the district court imposed an illegal sentence because it included five person misdemeanor convictions from the Wichita Municipal Court convictions in calculating the criminal history score used to determine his sentence in this case. In response, the State contends that the district court correctly determined—based on the evidence presented at the sentencing hearing—that Jones was represented by an attorney in at least three of the municipal court cases in which he was convicted of person misdemeanors. Furthermore, the State contends that the district court correctly aggregated the municipal court convictions as a person felony for sentencing purposes.

If a defendant disputes his or her criminal history, the State must prove the appropriate criminal history score by a preponderance of the evidence. K.S.A. 2016 Supp. 21-6814(a). Under a preponderance of the evidence standard, the party bearing the burden of proof is only required to present evidence to demonstrate that a fact is more probably true than not true. *State v. Stewart*, 306 Kan. 237, 252, 393 P.3d 1031 (2017). On appeal, we must determine whether there is substantial competent evidence in the record to support the district court's finding that the State met its burden of proof. See *State v. Hughes*, 290 Kan. 159, 162, 224 P.3d 1149 (2010).

The Sixth Amendment to the United States Constitution protects a criminal defendant's right to counsel. The right to counsel "arises at the stage of the proceedings where guilt is adjudicated, eligibility for imprisonment is established, and the prison sentence determined." *State v. Youngblood*, 288 Kan. 659, Syl. ¶ 2, 206 P.3d 518 (2009). In municipal court cases, the right to counsel is applicable where a defendant is found

guilty and sentenced to incarceration—even if the jail time is suspended or conditioned upon a term of probation. 288 Kan. 659, Syl. ¶ 2.

In order to have a criminal history score of A, the State must establish that a defendant has three or more prior person felonies in his or her criminal history. K.S.A. 2016 Supp. 21-6809. Moreover, three prior person misdemeanor convictions—from either the district or municipal court—are to be counted as an additional person felony for the purpose of calculating a defendant's criminal history score under K.S.A. 2016 Supp. 21-6811(a). Because it is undisputed in this case that Jones had at least two prior person felonies, we must determine if there was substantial competent evidence to support the district court's aggregation of at least three of his prior person misdemeanor convictions in municipal court as a third person felony for sentencing purposes.

The first challenged entry on the criminal history scoresheet involves a 1992 conviction in Wichita Municipal Court Case No. 91-C104159 for domestic battery—a person misdemeanor. At sentencing in the present case, the State produced the municipal court journal entry from this case that shows the defense attorney to be "Parker CPD." The State explained at the sentencing hearing that CPD stands for city public defender. The bar number listed on the form returns a result in the Kansas Supreme Court attorney registration database for Patricia Parker with an active license. The journal entry further reflects that Parker entered her appearance in the case on November 12, 1991. In addition, the journal entry also shows that the case was resolved by a no contest plea and that Jones was sentenced on March 31, 1992. There is no indication that Parker sought or was granted leave to withdraw after she entered her appearance.

The second challenged entry on the criminal history worksheet also involves a conviction in Wichita Municipal Court Case No. 91-C104159. The journal entry provided by the State at sentencing shows that Jones was convicted of battery of a law enforcement officer—a person misdemeanor. This journal entry also listed "Parker CPD" on the line

4

for defense attorney and again included the bar number for Patricia Parker. It appears from the journal entry that Parker entered the case on January 7, 1992. In addition, the journal entry shows that the case was resolved by a no contest plea and that Jones was sentenced on March 31, 1992. There is no indication that Parker sought or was granted leave to withdraw after she entered her appearance.

Jones also challenges the inclusion of his conviction in Wichita Municipal Court Case No. 91-C34854. The journal entry reflects that Jones was convicted of battery—a person misdemeanor. Once again, the defense attorney is listed as "Parker CPD" with the same bar number as the other journal entries. The journal entry shows that Parker entered her appearance on June 18, 1991. In addition, the journal entry shows that the case was resolved by a no contest plea and that Jones was sentenced on March 17, 1992. There is no indication that Parker sought or was granted leave to withdraw after she entered her appearance.

A sentence based on a criminal history score that was improperly calculated because it included uncounseled municipal court convictions constitutes an illegal sentence that may be corrected at any time. *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011). Although this legal principle set forth in *State v. Neal* is applicable to the present case, there are significant factual and procedural differences between this case and *Neal*. Unlike this case, *Neal* involved a motion to correct illegal sentence after the defendant's direct appeal had ended. Moreover, unlike this case, the district court summarily dismissed the defendant's motion in *Neal*. Consequently, the Kansas Supreme Court remanded the case to the district court for an evidentiary hearing. 292 Kan. at 640. Finally, as Jones candidly admits in his brief, there is "certainly more information" provided in the municipal court journal entries presented to the district court in this case than was provided in *Neal*.

5

Likewise, we also do not find the holding in *State v. Hooks*, No. 107,582, 2013 WL 1876448 (Kan. App. 2013) (unpublished opinion), *rev. denied* 298 Kan. 1206 (2014)—which was cited by the State—to be particularly helpful to resolving the issue presented in the present case. In *Hooks*, a panel of this court concluded that "without an affirmative assertion that [a municipal court] conviction was uncounseled, there is no disputed evidentiary issue in light of the documents contained in the record." 2013 WL 1876448, at *5. However, *Hooks* involved a motion to correct illegal sentence, in which the defendant bears the burden of proof. 2013 WL 1876448, at *5. Here, it was the State that had the burden of proof.

From a procedural standpoint, we note that *State v. Coleman*, No. 104,530, 2012 WL 307346 (Kan. App. 2012) (unpublished opinion), is much more similar to the present case than either *Neal* or *Hooks*. Like this case, the defendant in *Coleman* objected to his criminal history score at sentencing. In an attempt to meet its burden of proof, the State produced a copy of a journal entry from the Wichita Municipal Court that contained the initials "CPD" written on the line for defense attorney. As in this case, the State explained that "CPD" stood for city public defender. However, unlike this case, the journal entry in *Coleman* was "not dated and the name of the attorney who purportedly represented [the defendant was] not identified." 2012 WL 307346, at *6. Additionally, unlike this case, the defendant in *Coleman* testified that he believed that he did not have an attorney in that specific municipal court case.

After the district court overruled the defendant's objection to his criminal history score in *Coleman*, a panel of this court found that the municipal court journal entry presented by the State did not provide sufficient information to prove by a preponderance of the evidence that the defendant was actually represented by counsel in the municipal court proceedings. The panel found it significant that no attorney was specifically identified and that the defendant had testified that he believed he did not have an attorney in the municipal court case. Accordingly, the panel vacated the sentence imposed by the

6

district court and remanded "the issue of whether [the defendant] was actually represented by counsel to the district court for a factual determination and for resentencing according to the appropriate criminal history once this issue [was] resolved." 2012 WL 307346, at *5-6.

Despite the procedural similarities between the *Coleman* case and this case, we also note that there are significant factual differences. Again, as Jones candidly admits in his brief, each of the journal entries for the three municipal court convictions discussed above contain *more* information regarding defense counsel—including the name and bar number of the attorney who represented him—than did the journal entry in *Coleman*. In addition, Jones did not testify at the evidentiary hearing held in this case that he was unrepresented in these specific municipal court cases nor did he even testify that he believed that to be the case as the defendant did in *Coleman*.

Unlike *Neal* or *Coleman*, the State presented substantial competent evidence to the district court in this case regarding the identity of the attorney who represented Jones in the three municipal court cases referenced above. In Kansas, an attorney continues to represent a defendant until a court grants the attorney leave to withdraw or until the attorney files a notice of withdrawal after another attorney has entered an appearance to represent the defendant. See Kansas Supreme Court Rule 117 (2017 S. Ct. R. 190). Here, there is nothing in the record to indicate that the attorney representing Jones in the municipal court cases at issue here ever withdrew as his attorney.

In summary, we find that the district court appropriately allowed the parties to present evidence at the sentencing hearing to address Jones' objection to his criminal history score. In support of its position that at least three of the prior person misdemeanor convictions from municipal court convictions should be included in Jones' criminal history score, the State presented journal entries that indicated that Jones was in fact represented by legal counsel and that specifically identified the attorney who represented

7

him. Moreover, as indicated above, there is no evidence in the record on appeal to suggest that Jones' attorney ever withdrew or otherwise failed to perform her duties after entering an appearance in the municipal court cases. See *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

In his testimony, Jones never indicated that his attorney withdrew or failed to perform her duties in the municipal court cases. Likewise, Jones never testified that he believed that he was unrepresented at any critical stage of the municipal court proceedings. Instead, Jones simply testified that he could not remember if an attorney represented him in some of his municipal court cases. Although Jones stated that there were "plenty of times" that he had appeared in municipal court without an attorney, he did not identify any specific case. As the record reflects, Jones has been prosecuted in Wichita Municipal Court in approximately 20 cases over the years.

We conclude that the State presented substantial competent evidence upon which a reasonable finder of fact could find it to be more probably true than not true that Jones was represented by counsel in the three municipal court cases referenced above. In particular, we find that it was reasonable for the district court to infer that Patricia Parker—the attorney who had entered her appearance on Jones' behalf in the municipal court cases prior to his sentencing and conviction—fulfilled her duties to her client at all critical stages of the proceedings.

Finally, we note that Jones was also convicted of two additional person misdemeanors—battery and unlawful restraint—in Wichita Municipal Court Case No. 00-C111107. At Jones' sentencing hearing in the present case, the State presented the journal entry reflecting those convictions as well as a waiver of counsel form signed by Jones. There is a notation on the journal entry indicating that Jones signed the waiver of counsel form on December 19, 2000.

8

A review of the record on appeal in the present case reveals that Jones did not dispute the fact that he waived his right to counsel in Wichita Municipal Court Case No. 00-C111107. Interestingly, even though it appears that Jones waived his right to an attorney the State also presented evidence that Ronald Sickmann entered an appearance on Jones' behalf on April 4, 2001, which is the same day that the record sheet shows that Jones was convicted and sentenced. Accordingly, we find substantial competent evidence in the record to support the validity of including these two municipal court convictions in Jones' criminal history score as well.

Under the circumstances presented in this case, we conclude that the district court did not err in finding by a preponderance of the evidence that at least three of Jones' municipal court convictions should be counted in his criminal history score to determine his sentence in this case. We, therefore, affirm Jones' sentence.

Affirmed.